# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENDRYS SANCHEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-07007-KES-SAB-HC<br><br>ORDER APPOINTING COUNSEL FOR PETITIONER<br><br>ORDER FOR SUPPLEMENTAL BRIEFING AND SETTING BRIEFING SCHEDULE |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**A. Appointment of Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of Respondents' response, (ECF No. 10), the Court finds that the interests of justice require the appointment of counsel in light of the complexity of the legal issues involved.

**B. Supplemental Briefing**

In the petition, Petitioner asserts the following claims for relief: (1) Petitioner's continued detention violates due process and 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country removal procedures violate due process, 8 U.S.C. § 1231, the Convention Against Torture, and the Administrative Procedure Act ("APA"); (3) Respondents' third country removal procedures violate the Fifth and Eighth Amendments; and (4) Petitioner's re-detention and revocation of release violates due process, 8 C.F.R. § 241.13, and the APA. (ECF No. 1 at 13–19.[1])

In the response, Respondents state:

> Petitioner has filed a form habeas petition. In light of the petition's sole handwritten passage and the above-stated facts, the petition is reasonably construed to assert a single claim: Petitioner's continuing detention violates the due process-based precept that "a noncitizen [like Petitioner] shall not remain detained where there is no significant likelihood of removal in the reasonably foresee-able future." ECF 1, at 2:20–24 (citing *Zadvydas*, 533 U.S. at 701).

(ECF No. 10 at 3.) The Court declines to construe the petition as only asserting a single claim (Ground One).

"[T]he burden-shifting framework from *Zadvydas* does not apply here" because "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*" but rather "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations in original) (internal quotation marks omitted) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice of the reasons for revocation of Petitioner's release and an informal interview promptly after Petitioner's return to custody. Yan-Ling X., 813 F. Supp. 3d at 1163. Additionally, "under 8 C.F.R. § 241.13(i)(2), when ICE

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

revokes the release of a noncitizen who has been ordered removed to effectuate their removal, it is ICE's burden to show a significant likelihood of removal." Huang v. Albarran, 818 F. Supp. 3d 1154, 1161 (E.D. Cal. 2026) (quoting 8 C.F.R. § 241.13(i)(2)). See Riveros Cadavid v. Dep't of Homeland Sec., No. EDCV 26-01805-KK-DTBX, 2026 WL 1105032, at *3 (C.D. Cal. Apr. 17, 2026) ("Even if Petitioner was to be removed to a third country, that process 'would require additional, lengthy proceedings' because of Petitioner's right to seek fear-based relief. Among other things, Petitioner 'likely will have the opportunity to seek further relief from the Immigration Court, and then potentially file appeals from any adverse rulings,' which 'further demonstrates that removal is not likely in the reasonably foreseeable future.'" (citations omitted)). Accordingly, the Court finds that supplemental briefing regarding Ground Four of the petition would assist the Court in this matter.

Further, as Respondents have asserted that "DHS is ready, willing, and able to remove Petitioner to a third country" and identified Mexico and Liberia as potential third countries, (ECF No. 10 at 1, 2), the Court finds that supplemental briefing regarding Grounds Two and Three of the petition would assist the Court in this matter.

Respondents also argue that Petitioner's detention is authorized by § 1231(a)(1)(C) because Petitioner has acted to prevent his removal to Mexico by refusing to sign necessary documents. (ECF No. 10 at 3–5.) "[T]his District routinely rejects such argument regarding 'failure to cooperate' with removal to a third country because there is no obligation for such cooperation." S.R. v. Warden of the California City Corr. Ctr., No. 1:26-CV-03587-TLN-CSK, 2026 WL 2676077, at *3 (E.D. Cal. Sept. 11, 2026) (collecting cases). Accordingly, the Court finds supplemental briefing on whether this case is distinguishable from the cases in which this Court has rejected similar arguments would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERED that:

1. Counsel is APPOINTED for Petitioner.
2. Within **SEVEN (7) days** of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:
    a. Identify counsel; and

b. **<u>Submit a proposed appointment order to the email box of the undersigned</u>**.

3. Within **SEVEN (7) days** of the date of service of this order, **counsel SHALL FILE a notice of appearance in this case**.

4. Within **FOURTEEN (14) days** of the date of service of this order, Respondent SHALL FILE:

   a. A supplemental brief addressing Grounds Two, Three, and Four of the petition and the issues set forth above; and

   b. Any documents relevant to the determination of the issues raised in the petition and set forth above.

5. Within **FOURTEEN (14) DAYS** of the date of service of Respondent's supplemental brief, Petitioner SHALL FILE a traverse.

IT IS SO ORDERED.

Dated: **October 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge